| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------x<br>FERNANDO M. MALDONADO,<br><br>                          Plaintiff,<br><br>      -against-<br><br>LOCAL 803 I.B. of T. HEALTH AND<br>WELFARE FUND,<br><br>                          Defendant.<br>-------------------------------------------------------------x | <u>ONLINE PUBLICATION ONLY</u><br><br><br><br><u>MEMORANDUM AND ORDER</u><br><br>09-CV-3598 (JG) |

A P P E A R A N C E S:

    FERNANDO M. MALDONADO
        218 Elzey Avenue
        Elmont, New York 11003
        *Plaintiff* pro se

    FOREHT, LAST, LANDAU & KATZ, P.C.
        228 East 48th Street
        New York, New York 10017
    By:   Stephen H. Kahn
        *Attorneys for Defendant*

JOHN GLEESON, United States District Judge:

        Fernando Maldonado brought this action against Local 803 Health and Welfare Fund ("the Welfare Fund"), alleging that the union with which it is affiliated, Local 803 of the International Brotherhood of Teamsters, breached its duty of fair representation by failing to effectively advocate on his behalf when he was accused of sexual harassment and terminated from his job as an orderly at Mary Immaculate Hospital in Queens in 2005. He asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq., and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 et seq. He now moves for a default judgment under Rule 55 of the Federal Rules of Civil Procedure, alleging that the Welfare Fund failed to

timely answer or otherwise respond to his complaint. The Welfare Fund opposes his motion and has itself moved under Rule 12(b)(6) to dismiss the complaint for failure to state a claim.

DISCUSSION

A.  *The Motion for Default Judgment*

The Welfare Fund argues that directing a default judgment would be inappropriate despite its failure to respond to Maldonado's complaint within the 21-day period mandated by the Federal Rules of Civil Procedure. I agree.

Maldonado filed his complaint on August 5, 2009. On August 20, 2009, the Court granted his application to proceed in forma pauperis and directed the United States Marshals Service to serve the summons and complaint upon the Welfare Fund. Maldonado filed an amended complaint on January 29, 2010 that alleged essentially the same facts as the original but added causes of action. On March 17, 2010, a deputy marshal personally delivered the summons and complaint to Cynthia Socci, the Welfare Fund's administrator, at the front desk of the Welfare Fund's offices at 75 Maiden Lane in Manhattan.[1] The Welfare Fund conceded at oral argument that service was properly effected on that date and that it was therefore obligated under Rule 12 to answer or otherwise move against the complaint on or before April 7, 2010. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served the summons and complaint . . ."); Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). Nevertheless, the Welfare Fund did not answer the complaint by that date, and it did not file its motion to dismiss until April 30, 2010. In the meantime, on April 20, 2010, Maldonado requested that the Clerk of the Court enter a default and moved for a default judgment.

---

[1] Whether it was the original or the amended complaint that was served is unclear from the record, but that issue has no bearing on the outcome of either the motion for default judgment or the motion to dismiss.

Rule 55 requires the Clerk to enter a default if a defendant fails to plead or otherwise defend an action, and that failure is shown by affidavit or otherwise. Fed. R. Civ. P. 55. Once the Clerk has entered a default, a plaintiff may move the Clerk for entry of a default judgment if her claim is for a sum certain; if her claim is not for a sum certain, she must apply to the court, which may order entry of a default judgment only after ascertaining damages. *Id.* A court may set aside either an entry of default or a default judgment for "good cause." *Id.* Although the Clerk has not yet responded to Maldonado's request for an entry of default, he is entitled to one, given the Welfare Fund's failure to respond to his complaint within the required time period. He is not, however, entitled to a default judgment, because the Welfare Fund has demonstrated good cause for setting aside any default that could have been entered.

Rule 55 does not define "good cause," but the factors that must be considered in determining whether that standard is met are (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Other factors that may be considered include whether the default was the product of a good faith mistake and whether a refusal to set aside the default would cause a harsh or unfair result. *See id.* In weighing these factors, a court should construe "good cause" generously, mindful that "defaults are generally disfavored and are reserved for rare occasions." *Id.*

None of these factors counsel in favor of directing a default judgment in this case. The default does not appear to be willful. Rather, it seems that the Welfare Fund was under the misapprehension that it was not served on March 17, 2010, but instead received only a request for waiver of service. *See* Fed. R. Civ. P. 12(a)(1)(A)(ii) (giving a defendant at least 60 days to serve an answer if it has timely waived service). The mistake was perhaps understandable since

the deputy marshal delivered a waiver of service form with the summons and complaint. In addition, a failure to grant default judgment would not prejudice Maldonado. The Welfare Fund moved to dismiss the complaint only three weeks after the deadline for doing so passed and before the Clerk had even entered a default. Significantly, Maldonado himself waited more than three years to sue the Welfare Fund regarding Local 803's alleged failure of its duty to represent him in connection with his termination in 2005. In these circumstances, Maldonado is not prejudiced by delay in commencing litigation on the merits, and, in any event, "delay standing alone does not establish prejudice." *Id.* Most importantly, as discussed below, the Welfare Fund has asserted a meritorious defense to the complaint. Directing a default judgment would therefore make an innocent party liable to Maldonado for claims that he alleges carry damages in the hundreds of thousands of dollars – certainly a harsh and unfair result. *See id.* at 97 ("[D]efaults . . . are particularly disfavored by the law when . . . substantial sums of money are demanded.").

B.    *The Motion to Dismiss*

Maldonado does not allege any wrongdoing by the Welfare Fund in his complaint. His factual allegations concern only employees of Mary Immaculate Hospital, who he claims discriminated against him, and Local 803, which he claims did not fulfill its duty to fairly represent him. Local 803 and the Welfare Fund are, however, legally distinct entities; the Welfare Fund is a multiemployer employee benefit plan governed by an equal number of employer- and union-appointed trustees and maintained for the exclusive purpose of providing welfare and other benefits to employee participants. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Shomo v. City of New* York, 579 F.3d 176, 183 (2d Cir. 2009) (quoting

4

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted)). Accordingly, while Maldonado may have stated a claim against his former employer or Local 803, he has failed to state a claim against the Welfare Fund.

Maldonado stated at oral argument that he intended to sue Local 803, but was confused by correspondence from the Welfare Fund that led him to believe that "Local 803 I.B. and T. Health and Welfare Fund" was in fact the name of the union.[2] It would be unfortunate if his confusion, warranted or not, resulted in the loss of a meritorious claim against Local 803. But that is not the case. Assuming that Local 803 is a "labor organization" subject to suit under Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e-2(c), the Age Discrimination in Employment Act of 1967, *see* 29 U.S.C. § 623(d), or the Americans with Disabilities Act of 1990, *see* 42 U.S.C. §§ 12111, 12112, Maldonado cannot assert claims against it under these statutes unless he filed a complaint naming it with the Equal Employment Opportunity Commission within 300 days of its alleged discrimination against him, *see* 42 U.S.C. §§ 2000e-5(e)(1), (f)(1) (Title VII); 29 U.S.C. §§ 626(d), 633(b) (ADEA); 42 U.S.C. § 12117(a) (ADA); *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996). As he admitted at oral argument, he was terminated in 2005 and did not file a complaint against the Welfare Fund with the EEOC until 2009.[3] Therefore, even if Maldonado had named Local 803 instead of the Welfare Fund in his EEOC complaint and this action, his claims would have been dismissed as time-barred.

---

[2] Maldonado provided a letter as an example to the Court at oral argument. The letterhead, however, clearly identifies the sender as Local Union No. 803 Pension Fund. The letter is also signed by the "Fund Administrator," who invited Maldonado to contact her with any questions, and provides a phone number at which she can be reached. Even assuming that the letter was less than clear, Maldonado could have avoided having his lawsuit dismissed for naming the wrong party by suing promptly enough for his error to be corrected.

[3] Maldonado provided a copy of the charge he filed against the Welfare Fund to the Court at oral argument. It is dated March 13, 2009.

## CONCLUSION

The motion for default judgment is denied and the motion to dismiss for failure to state a claim is granted. The Clerk is directed to enter judgment for the defendant and to close the case.

So ordered.

John Gleeson, U.S.D.J.

Dated: July 12, 2010
      Brooklyn, New York